# Exhibit A

# Civil Court of the City of New York
## County of Queens

Index Number: **CV-006582-25/QU**

---

RYAN BROWN-CARTER
Plaintiff(s)
-against-
TRANSUNION INTERACTIVE, INC
Defendant(s)

**SUMMONS WITH ENDORSED COMPLAINT**
BASIS OF VENUE: Plaintiff's residence

○

Plaintiff's Address (s) :
RYAN BROWN-CARTER
120-46 200TH STREET
Saint Albans, NY 11412

---

To the named defendant (s)
TRANSUNION INTERACTIVE, INC (Defendant), at c/o THE CORPORATION SERVICE COMPANY, 80 STATE STREET, Albany, NY 12207

**YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of Queens at the office of the Clerk of the said Court at **89-17 Sutphin Boulevard** in the **County of Queens, City and State of New York,** within the time provided by law as noted below and to file your answer to the (endorsed summons) (annexed complaint) * with the Clerk;   upon your failure to answer, judgment will be taken against you for the total sum of $12,750.00 and interest   as detailed below.
Plaintiff's   work sheet may be attached for additional information   if deemed necessary by the clerk.

Date:March 24, 2025

Tanya Faye
Chief Clerk

## ENDORSED COMPLAINT

The nature and the substance of the plaintiff's cause of action is as follows:    **Damage caused to person for $12,750.00 with interest from 12/19/2023;  Violation of FCRA 15 U.S.C. 1681 et seq; Violation of NY General Business Law 380 et seq**

### *NOTE TO THE DEFENDANT*
*A) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or*
*B) If the summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.*
*C) Following CPLR 321(a) corporations must be represented by an attorney.*
### * NOTE TO THE SERVER OF THE SUMMONS
The person who serves the summons should complete the Affidavit of Service and shall file it in the Clerk's Office in the county where the action is brought.

**PLAINTIFF'S CERTIFICATION**
*( See 22NYCRR, Section 130-1.1a)*

SIGN NAME:
PRINT NAME:    RYAN BROWN-CARTER

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------

RYAN BROWN-CARTER                                    **CASE NO. CV-006582-25/QU**

                                    Claimant,          **COMPLAINT**

V.

TRANSUNION INTERACTIVE, INC

                                    Respondent

---------------------------------------------------------

Plaintiff Ryan Brown-Carter ("Plaintiff"), proceeding pro se complains and states and alleges

against TransUnion Interactive, Inc ("TransUnion" or "Defendant") as follows:

## INTRODUCTION

1.      This action arises out of repeated violations of the Fair Credit Reporting Act

        (15 U.S.C. 1681 et seq) and the New York Fair Credit Reporting Act (NY Gen Bus Law

        380 et seq.) by Defendant **Transunion** against **Plaintiff**.

2.      This action seeks relief against Defendant for reporting inaccurate and.or

        misleading information on **Plaintiff's** credit report in violation of § 1681e(b); for

        Defendant's failure to conduct a reasonable investigation into **Plaintiff's** disputes in

        violation of § 1681i(a); and for failing to provide Plaintiff with a complete and accurate

        disclosure of the information in their consumer file upon request, in violation of 1681g.

3.      This action also seeks relief against **Defendant** pursuant to NY FCRA § 380-F

        for failing to comply with the proper procedures for resolving disputes after a consumer

        disputes an item and failing to promptly remove inaccurate and or misleading

        information.

4.      **Plaintiff** seeks an Order enjoining Defendants injurious conduct and to recover inter alia, statutory damages, and fees and expenses for injuries suffered as a result of Defendants erroneous reporting of inaccurate information in **Plaintiff;s** consumer reports.

5.      As a result of **Defendant's** conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score, decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it: the dissemination of this inaccurate reporting to third party prospective creditors.

6.      **Plaintiff** seeks to recover monetary damages for Defendants violation of the FCRA.

## JURISDICTION & VENUE

7.      This Court has jurisdiction over the action pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules ("CPLR") in that Defendant conduct business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York.

8.      Venue is appropriate in Queens County pursuant to CPLR § 503(a) because Plaintiff resides within such County and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

## PARTIES

9.      Plaintiff **Ryan Brown-Carter** is an adult who is a citizen of the State of New York residing in Queens County, New York.

2

10.        **Plaintiff** is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and NY FCRA § 380-a(b).

11.        **Defendant** TransUnion regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f) and NY FCRA 380-A(e), that regularly conducts business in this judicial district.

12.        **Defendant** TransUnion by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

13.        Congress enacted § 1681 et seq. of Title 15 of the United States Code, § 1681(a) which states as follows:

(1)        The banking system is dependent upon **fair and accurate credit** reporting. **Inaccurate credit reports directly impair the efficiency of the banking system**, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2)        An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character and general reputation of consumers.

(3)        Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)        There is a **need to insure that consumer reporting agencies exercise their grave responsibilities with fairness,** impartiality, and a respect for the consumers right to privacy.

3

14.     FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

15.     CRAs compile, maintain and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

16.     Plaintiff has a legally protected interest in the Defendant fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

### The Dispute Method Of Correcting False/Incomplete Information Under the FCRA

17.     When a consumer, such as **Plaintiff, realizes** there is false or incomplete information on their credit reports or consumer disclosures, **Plaintiff** has the right to dispute this with **Defendant** TransUnion.

18.     The consumer simply disputes (verbally by phone, online, by fax, or by mail) to Defendant TransUnion and requests an investigation of information so that the information will be corrected (if possible) or deleted.

19.     **Defendant TransUnion** must notify the furnisher(s) of the dispute within the time limits set forth by the FCRA.

20.        If **Defendant TransUnion** does not notify the furnisher(s) as required by the FCRA, this is a violation of the FCRA by **Defendant TransUnion.**

21.        **Defendant TransUnion** must do its own reasonable investigation into the dispute which includes examining all information **Defendant TransUnion** has or can reasonably obtain to assist in the investigation.

22.        **Defendant TransUnion**  must correct inaccurate or incomplete information or delete the account if the account is found to be inaccurate or incomplete or cannot be verified for accuracy.

### The Accounts At Issue

23.        **Plaintiff** disputed Accounts that had errors on **Plaintiff's TransUnion** reports that Defendant TransUnion did not make accurate or complete and that **Defendant TransUnion** did not delete.

24.        The Accounts are as follows:

**CAPITAL ONE**

**FIFTH THIRD BANK NA**

**FIRST PREMIER BANK**

**FIRST PREMIER BANK**

**MERRICK BANK**

25.        These accounts will be referred to as **"Accounts"** in this Complaint.

**Plaintiff Disputed Errors**

**But The False/Incomplete Information**

**On The Accounts Was Not Corrected Or Deleted By Defendant TransUnion**

26.　　　In or about **November 2023, Plaintiff** applied for an auto loan and was denied. Plaintiff thereafter obtained a copy of his consumer report and discovered inaccurate and incomplete information by **Defendant TransUnion.**

27.　　　On or about **December 19, 2023, Plaintiff** sent to **Defendant TransUnion** a written dispute letter related to the **Accounts**.

28.　　　The Accounts were clearly described and identified.

29.　　　The errors were clearly spelled out for **Defendant TransUnion** to understand the nature of the errors.

30.　　　The errors consisted of inaccurate information and incomplete information on each of the **Accounts.**

31.　　　Defendant TransUnion received the letter on or about **December 21, 2023.**

32.　　　It is unclear from the response of **Defendant TransUnion** as to whether it notified the furnishers of the Accounts so **Plaintiff** has pled **Defendant TransUnion** did not properly notify and the details will come out in the disposition and written discovery of **Defendant TransUnion**.

**Defendant TransUnion Conducts Investigations That Violate The FCRA As**

**Each Investigation Was Done Negligently And Intentionally Or Reckless Or**

**In Wanton Disregard Of Plaintiff And The FCRA**

33.　　　The disputes were simple - the specific inaccurate and incomplete information (and information that could not be verified) which were identified for each **Account.**

6

34.     **Defendant TransUnion** knew it was not allowed to report incomplete or inaccurate information or information that could not be verified but it did so anyway.

35.     These fundamental rules of credit reporting, as applied to **Plaintiff's Accounts**, were ignored, intentionally, recklessly, and.or negligently, by **Defendant TransUnion.**

36.     Had **Defendant TransUnion** looked in even the most cursory way at the dispute, it would have seen the errors were obvious, and the **Accounts** would have been corrected or deleted.

37.     **Defendant TransUnion** failed to correct or delete all of the **Accounts.**

38.     All actions of **Defendant TransUnion** fall woefully short of the requirements of the FCRA for **Defendant TransUnion** to do a reasonable investigation.

39.     If **Defendant TransUnion** had performed even a negligent investigation, it is more likely than not that the false and incomplete information would have been deleted from **Plaintiff's** credit reports.

40.     A reasonable investigation would have certainly resulted in the correction or deletion of the Accounts as the information related to the Accounts consisted of data directly from credit reports produced by **TransUnion**.

41.     The **Accounts** were described in detail, the errors were described in detail showing in words and in markings on the credit report pages, the missing (incomplete) information, the incorrect information, and the contradictory information and it was obvious **Defendant TransUnion** what needed to be done but refused to reasonably investigate the **Accounts.**

42.     **Defendant TransUnion** has refused to invest the time, money and effort to carry out its federally mandated duties of investigation.

43.     **Defendant TransUnion** negligently, recklessly, wantonly and/or willfully violated the requirement of a reasonable investigation of a reasonable investigation as required under the FCRA.

44.     The result is that obviously wrong, inaccurate, and/or incomplete, Accounts were allowed to stay on **Plaintiff's** credit reports.

45.     **Defendant TransUnion** has continued to report, even after its wrongful investigation, the Accounts and thus has failed to use all reasonable procedures to assure maximum possible accuracy of **Plaintiff's** credit reports.

46.     **Defendant TransUnion** has allowed users to access Plaintiff's credit reports before the dispute, during the dispute time period, and even after the investigation (if any) by **Defendant TransUnion** were concluded.

47.     Certainly, after **Plaintiff** notified **Defendant TransUnion,** it knew the Accounts should not and could not remain on Plaintiff's credit report unless corrected.

48.     But **Defendant TransUnion** refused not only to properly investigate under Section 1681i but also refused to remove the Accounts under Section 1681e(b) which is the maximum possible accuracy section of the FCRA.

49.     By allowing the **Accounts** to remain on Plaintiff's credit reports with the inaccurate, incomplete, unverifiable and/or contradictory information, **Defendant TransUnion** created and allowed misleading information which would more likely than not mislead users of **Defendant TransUnion** reports to believe these **Accounts** were properly being reported and should be considered when evaluating Plaintiff for whatever purpose the users had when accessing Plaintiff's credit reports when in fact the **Accounts** were required by law to be deleted when

**Defendant TransUnion** decided to allow the **Accounts** to have inaccurate, incomplete, unverifiable and/or contradictory information.

50.        The FCRA is clear that **Accounts** with inaccurate, incomplete, unverifiable and/or contradictory information are not allowed to remain on credit reports in a similar manner that obsolete accounts (even if they belong to consumer) are not allowed to remain on reports after the time period allowed by the FCRA.

51.        **Defendant TransUnion** caused an inaccurate and misleading picture to appear of Plaintiff to users of reports by **Defendant TransUnion** when **Defendant TransUnion** refused to correct or delete the **Accounts** at issue.

### Defendant TransUnion Refused To Provide Plaintiff With A Full File Disclosure As Required By Section 1681g Of The FCRA

52.        **Plaintiff** requested **Plaintiff's** full file disclosure under Section 1681g of the FCRA

53.        The full file disclosure is more than what is provided in a consumer report or a credit report - it is all the information the credit bureau has on the consumer.

54.        But **Defendant TransUnion** refused to give this to **Plaintiff**.

55.        The law is very simple under Section 1681g - provide everything to **Plaintiff** that is in **Plaintiff's** file.

56.        **Defendant TransUnion** knew **Plaintiff** had requested this information and had identified who the **Plaintiff** was and requested the file be sent to **Plaintiff's** home address.

57.        **Defendant TransUnion** refused to provide all the data contained in its files.

58.     As one simple example, there are numerous Accounts with missing data, even though **Defendant TransUnion** has this data.

59.     **Defendant TransUnion** has deprived **Plaintiff** of **Plaintiff's** right to see everything in Plaintiff's file that is required to be provided to **Plaintiff** under section 1681g.

60.     Without having access to all the information in **Plaintiff's** file, **Plaintiff** is unable to determine if there is additional inaccurate/incomplete information that **Plaintiff** needs to be disputed had Plaintiff been given the full file as required by law.

### TransUnion Refused To Provide Plaintiff With The Method Of Verification And/Or Description Of Procedure Used To Determine Accuracy And Completeness As Required By Section 1681i

61.     **Plaintiff** specifically requested, as if **Plaintiff's** right under Section 1681i, an explanation of how the verification process worked and the basis for determining the accuracy and completeness of the information in the **Accounts.**

62.     **Defendant TransUnion** refused to do this.

63.     **Defendant TransUnion** has no right to refuse to this as Plaintiff met the requirements under Section 1681i.

64.     **Defendant TransUnion** refused to explain to **Plaintiff** why **Defendant TransUnion** is violating the law in this manner.

### Damages Suffered By Plaintiff Due To The Actions Of Defendant TransUnion

65.     Plaintiff has suffered actual damages because of these illegal actions by **Defendant TransUnion** in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions (and Plaintiff had physical

manifestations of such emotions), damage to credit, economic loss, as well as suffering from unjustified and abusive invasions of personal privacy. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future. All actions (and omissions) by any employee or agent of **Defendant TransUnion** were taken in the line and scope of such employment or agency relationship.

## CAUSE OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

66.        **Defendant TransUnion** is a "consumer reporting agency" as defined at 15 U.S.C. § 1681a(e).

67.        **Plaintiff's** credit reports from **Defendant TransUnion** were repeatedly accessed prior to the dispute and after the dispute and any investigation by users of **Plaintiff's** credit reports.

68.        These users obtained copies of **Plaintiff's** credit reports containing the false, incomplete, and unverified information about the **Accounts** because **Defendant TransUnion** refused to make the **Accounts** accurate and complete or to delete the **Accounts.**

69.        **Plaintiff** notified **Defendant TransUnion** directly of a dispute on the **Accounts** completeness and accuracy.

70.        **Plaintiff** alleges that at all relevant times **Defendant TransUnion** failed to maintain and failed to follow reasonable procedure to assure maximum possible accuracy of **Plaintiff's** credit reports, concerning the Accounts in question, violating 15 U.S.C. § 1681e(b).

71.      **Defendant TransUnion** made the relevant information even more inaccurate and/or incomplete instead of increasing the accuracy and completeness of it.

72.      All actions taken by **Defendant TransUnion** were done with negligence.

73.      All actions taken by **Defendant TransUnion** were done with malice, was done willfully, and were done with either the desire to harm **Plaintiff** and/or that its actions would very likely harm **Plaintiff** and/or that its action were taken in violation of the FCRA and/or that it knew or should have known that its actions were in reckless disregard of the FCRA.

74.      All actions allowed and contributed to and created misleading information to users on **Plaintiff's** credit reports with **Defendant TransUnion**

75.      All the violations of the FCRA approximately caused the injuries and damages set forth in this Complaint.

76.      All actions of **Defendant TransUnion** have proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the trier of fact.

## **COUNT II**
### **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
### **15 U.S.C. § 1681g**

77.      **Defendant TransUnion** is a "consumer reporting agency" as defined at 15 U.S.C. § 1681a(e).

78.      **Plaintiff** requested **Plaintiff's** file disclosure, but **Defendant TransUnion** refused to give Plaintiff the full file disclosure as required by the FCRA.

79.      All actions taken by **Defendant TransUnion** were done with negligence.

80.    All actions taken by **Defendant TransUnion** were done with malice, was done

willfully, and were done with the desire to harm **Plaintiff** and.or that its actions would very

likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and/or that it

knew or should have known that its actions were in reckless disregard of the FCRA.

81.    All the violations of the FCRA approximately caused the injuries and damages set

forth in this Complaint.

82.    All actions **Defendant TransUnion** have proximately caused **Plaintiff** past and

future monetary loss, past and future damages to **Plaintiff's** credit and credit worthiness, past

and future mental distress and emotional anguish, and other damages that will be presented to the

trier of the fact.


## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i

83.    **Defendant TransUnion** is a "consumer reporting agency" as defined at 15 U.S.C.

§ 1681a(e).

84.    **Plaintiff** notified **Defendant TransUnion** directly of a dispute on the **Accounts**

completeness and accuracy.

85.    **Defendant TransUnion** did not properly notify the furnishers of the Accounts of the

dispute as required by the FCRA and this violates 15 U.S.C.§ 1681i.

86.    **Defendant TransUnion** failed to investigate, failed to delete information found to

be inaccurate or incomplete, and/or failed to properly investigate Plaintiff's disputes in violation

of 15 U.S.C.§ 1681i and this was done negligently and/or wantonly and willfully.

87.      **Plaintiff's** credit reports from **Defendant TransUnion** were accessed by users of Plaintiff's credit reports after the investigation (if any) by **Defendant TransUnion.**

88.      These users obtained copies of **Plaintiff's** credit reports containing the false, incomplete, and unverified information about the **Accounts** because **Defendant TransUnion** refused to correct or delete the **Accounts.**

89.      **Plaintiff** alleges the **Defendant TransUnion** failed to conduct a proper and lawful reinvestigation.

90.      **Defendant TransUnion** made the disputed information even more inaccurate and/or incomplete instead of increasing the accuracy and completeness of it.

91.      **Defendant TransUnion** refused to provide the method of verification which **Plaintiff** requested.

92.      All actions taken by **Defendant TransUnion** were done with negligence.

93.      All actions taken by **Defendant TransUnion** were done with malice, was done willfully, and were done with the either the desire to harm **Plaintiff** and/or that its actions would very likely harm **Plaintiff** and/or that its actions were taken in violation of the FCRA and/or that it knew or should have known that its actions were in reckless disregard of the FCRA.

94.      All actions allowed and contributed to and created misleading information to users on Plaintiff's credit reports with **Defendant TransUnion.**

95.      All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

96.      All actions of **Defendant TransUnion** have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and

future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV
## VIOLATIONS OF THE NY FCRA § 380

97.         **Defendant TransUnion** is a "consumer reporting agency" as defined at 15 U.S.C. § 1681a(e).

98.         NY FCRA § 380-f(a) specifically provides that upon receipt of consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and **Plaintiff;s** right pursuant to that section.

99.         In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1)       Promptly expunge the item and otherwise correct the file.

(2)       Refrain from reporting the item in subsequent consumer reports.

(3)       Clearly and conspicuously disclose to the consumer ger rights to make  request for notification and upon and request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

100.        Here, a duty to conduct a reasonable investigation was triggered by **TransUnion** upon receipt of the FCRA Dispute Letter referenced in the above statement of facts.

101.        **Defendant** failed to conduct a reasonable investigation and failed to promptly correct the **"Accounts"** at issue.

102.        **Defendant** also failed to provide **Plaintiff** a notice of rights pursuant to NY FCRA § 380-f(b)(3).

15

103.     **Defendant's** failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at minimum a reckless disregard of the duties to **Plaintiff.**

104.     As such, **Defendants** violations were willful, rendering it liable for punitive damages in an amount to be determined by the court and costs pursuant to NY FCRA § 380-L.

105.     At a minimum, **Defendants** conduct was negligent in that it failed to use reasonable care and diligence in its obligations to the consumer rendering it liable for actual damages and cost pursuant to NY FCRA § 380-M.

106.     As a direct result of the above violations of the NY FCRA by **Defendant** is willfully and/or negligently liable to **Plaintiff** for actual damages, punitive damages, and costs pursuant to NY FCRA §§ 380-L and 380-M.

## JURY DEMAND

107.     **Plaintiff** hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff** respectfully request judgement be entered against Defendant as follows:

a.  Adjudging that **Defendant's** actions violated the FCRA;

b.  Adjudging that **Defendant's** actions violated the NY FCRA;

c.  Enjoying **Defendant** from persisting in violative behaviors and requiring **Defendant** to delete the accounts at issue in **Plaintiff's** credit report;

d.  Granting **Plaintiff** actual damages against Defendant pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

e.  Granting **Plaintiff** statutory damages against **Defendant** pursuant to 15 U.S.C. § 1681n(a)(1)(A);

f.  Granting **Plaintiff** punitive damages against **Defendant** pursuant 15 U.S.C. § 1681n(a)(2);

g.  Granting **Plaintiff** costs and fees against the **Defendant** pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

h.  Granting **Plaintiff** actual damages, punitive damages, and costs pursuant to NY FCRA §§ 380-L and 380-M;

i.  Awarding **Plaintiff** any pre-judgement and post judgement interest as may be allowed under the law; and

j.  Such other and further relief as the Court determines is just and proper.

Respectfully submitted,

Date: March 24, 2025

By: s/ *Ryan Brown-Carter*
Ryan Brown-Carter
120-46 200th St
Saint Albans, NY 11412
718-570-6175
workingcarter@gmail.com
Pro Se

17

March 24, 2025

Ryan Brown-Carter
120-46 200th St
Saint Albans, NY 11412
718-570-6175
workingcarter@gmail.com

**TransUnion Interactive, Inc**
c/o The Corporation Service Company
80 State Street
Albany, NY 12207

**Re: <u>Ryan Brown-Carter v. TransUnion Interactive, Inc</u>**
      **Index No. CV-006582-25/QU**

To Whom It May Concern,

This letter serves as formal notice that TransUnion Interactive, Inc has been sued in the Civil Court of the City of New York, County of Queens, under Index No. **CV-006582-25/QU**, for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) and the New York Fair Credit Reporting Act (NY Gen Bus Law 380 et seq.).

**<u>Nature of the Dispute:</u>**
The lawsuit alleges that Transunion failed to comply with its statutory obligations, including but not limited to:

- Reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of **15 U.S.C. § 1681e(b);**
- Failing to conduct a reasonable reinvestigation into Plaintiff's disputes in violation of **15 U.S.C. § 1681i(a);**
- Failing to provide Plaintiff with a complete and accurate disclosure of the information in their consumer file in violation of **15 U.S.C. § 1681g;** and
- Failing to comply with NY FCRA **§ 380-f** for proper dispute resolution procedures.

As a result of these violations, Plaintiff has suffered **economic harm, emotional distress, damage to creditworthiness and other consequential damages.**

1

**Relief Sought:**
Plaintiff seeks monetary relief of $12,750, the deletion of inaccurate and disputed accounts and other equitable relief as detailed in the complaint.

**Settlement Offer:**
To avoid unnecessary litigation costs, I am open to resolving this matter amicably, A proposed settlement would include:

1. **Deletion of all disputed accounts** as referenced in the Complaint from my Equifx credit file.
2. **Monetary** settlement in the amount of **$12,750.00** (negotiable)

If TransUnion is interested in reaching a resolution, please contact me at **workingcarter@gmail.com** to discuss settlement terms. I will be looking for your response to the complaint in the applicable time frame.

Enclosed are copies of the **Summons with Endorsed Complaint** and other relevant case documents for your review.

Sincerely,

s/Ryan Brown-Carter

**Enclosures:**
- Summons W/Endorsed Complaint
- Complaint

2